GEORGE H. GILBERT, RESPONDENT, v. SHADRACK
GROFF, APPELLANT.

*Estoppel — when one giving a receipt is estopped from claiming that the amount stated
therein was not paid, as against one acting upon the faith of it.*

APPEAL from a judgment in favor of the plaintiff, entered upon
the decision of the court upon a trial at the Onondaga Circuit
without a jury.

The plaintiff, an undertaker residing at Syracuse, buried a man
named Freer who died at the residence of one Whitney. The burial
was ordered by Whitney. The plaintiff presented a bill for his
services to Whitney, made out against "the estate of D. Freer."
Whitney gave his note for the amount of the bill, at fifteen
days, and thereupon the plaintiff delivered the bill to Whitney,
receipted as follows: "Received payment, by C. H. Whit-
ney, May 16." (Signed) "Geo. H. Gilbert." The note was not
paid, but was renewed from time to time until the following
January, when the plaintiff took it up at the bank where he had
procured it to be discounted.

The defendant, who resides at Toledo, Ohio, came to Syracuse
soon after the transactions above stated and took out letters of
administration on Freer's estate. Whitney turned over to him the
assets of the estate in his hands and at the same time presented
the plaintiff's receipted bill and said that he had paid it and asked
the defendant to reimburse him, which he did. Whitney said noth-
ing about having given his note. Subsequently the plaintiff brought
this action.

The court at General Term said: "It seems to be assumed by
both parties that Whitney is irresponsible; and that being the case
a loss has occurred which must fall on one of two innocent parties;
and as it was produced by the error of the plaintiff in giving an
absolute receipt on which the defendant relied and acted, we think
the loss should fall on the plaintiff. Indeed, the plaintiff having
asserted in the receipt that he had been paid by Whitney, and
the defendant having reimbursed Whitney, relying upon the
truth of that assertion, we are of the opinion that the plaintiff

is estopped, as against the defendant, from setting up that he has not been paid. It is true the plaintiff did not intend, when he gave the receipt, that the defendant or any other person should act upon it. Nevertheless, it was a voucher which was proper. to be presented to the administrator of the estate, whoever he might be, and upon which he might properly act. The bill was made out against the estate. Whitney was not the administrator, and it appears from the evidence that the plaintiff knew that fact when he gave the receipt. In short, the receipt was calculated to mislead the administrator, and it having done so in fact, the plaintiff is estopped. It is not necessary to an equitable estoppel that the party should design to mislead; it is enough if the act or declaration was calculated to and did in fact mislead another acting in good faith and with reasonable diligence. (*Blair* v. *Wait*, 69 N. Y., 113, 116; *Continental Nat. Bank* v. *Nat. Bank of the Commonwealth*, 50 id., 577; *Davis* v. *Allen*, 3 id., 170.)"

*Sedgwick, Ames & King,* for the appellant.

*Hunt, Leavenworth & Weaver,* for the respondent.

Opinion by SMITH, P. J.; HARDIN and HAIGHT, JJ., concurred.

Judgment reversed and new trial ordered, costs to abide event.